# In the United States Court of Appeals for the Fifth Circuit

---

RICHARD LOWERY,

*Plaintiff-Appellant,*

v.

TEXAS A&M UNIVERSITY; ANNIE S. MCGOWAN; N. K. ANAND; MARK A. WELSH III, INTERIM PRESIDENT OF TEXAS A&M UNIVERSITY; ALAN SAMS,

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the Southern District of Texas
Case No. 4:22-cv-03091

---

## APPELLANTS' RECORD EXCERPTS

---

GENE P. HAMILTON
Vice-President and General Counsel
America First Legal Foundation
611 Pennsylvania Avenue SE, #231
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

JONATHAN F. MITCHELL
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiff-Appellant*

# TABLE OF CONTENTS

| Tab | Date | Document | ROA Page # | RE Page # |
|---|---|---|---|---|
| 1 | | District court docket sheet | ROA.1–12 | RE 1–12 |
| 2 | 9/29/2023 | Notice of Appeal | ROA.783–784 | RE 13–14 |
| 3 | 9/29/2023 | Final Judgment | ROA.782 | RE 15 |
| 4 | 9/29/2023 | District Court's Opinion and Order Granting Motion to Dismiss | ROA.768–781 | RE 16–29 |

# Tab 1

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (Houston)
## CIVIL DOCKET FOR CASE #: 4:22-cv-03091

Lowery v. Texas A&M University System et al
Assigned to: Judge Charles Eskridge
Cause: 42:1981 Civil Rights

Date Filed: 09/10/2022
Date Terminated: 09/29/2023
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Richard Lowery**                                          represented by   **Gene Patrick Hamilton**
America First Legal Foundation
611 Pennsylvania Avenue SE
#231
Washington, DC 20003
202-964-3721
Email: gene.hamilton@aflegal.org
*ATTORNEY TO BE NOTICED*

**Jonathan Franklin Mitchell**
Mitchell Law PLLC
111 Congress Ave.
Suite 400
Austin, TX 78701
512-686-3940
Fax: 512-686-3941
Email: jonathan@mitchell.law
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Texas A&M University System**                             represented by   **Jesika Jasmine Silva Blanco**
*TERMINATED: 12/23/2022*                                                     Norton Rose Fulbright
1301 McKinney
Suite 5100
Houston, TX 77010
713-651-5112
Email:
jesika.blanco@nortonrosefulbright.com
*ATTORNEY TO BE NOTICED*

**Layne Edwin Kruse**
Norton Rose Fulbright US LLP
1301 McKinney Street

RE 1

Suite 5100
Houston, TX 77010-3095
713-651-5194
Email:
layne.kruse@nortonrosefulbright.com
*ATTORNEY TO BE NOTICED*

**Michael Carter Crow**
Norton Rose Fulbright US LLP
1301 McKinney St
Suite 5100
Houston, TX 77010-3095
713-651-5218
Fax: 713-651-5246
Email:
carter.crow@nortonrosefulbright.com
*ATTORNEY TO BE NOTICED*

**Paul Denton Trahan**
Fulbright Jaworski LLP
98 San Jacinto Blvd
Ste 1100
Austin, TX 78701
512-536-5288
Fax: 512-536-4598
Email:
Paul.Trahan@nortonrosefulbright.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Tim Leach**                       represented by   **Jesika Jasmine Silva Blanco**
*TERMINATED: 12/23/2022*                            (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Layne Edwin Kruse**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Michael Carter Crow**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Paul Denton Trahan**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Bill Mahomes**                    represented by   **Jesika Jasmine Silva Blanco**
*TERMINATED: 12/23/2022*                            (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

RE 2

**Layne Edwin Kruse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Carter Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Denton Trahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Robert L. Albritton**
*TERMINATED: 12/23/2022*

represented by **Jesika Jasmine Silva Blanco**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Layne Edwin Kruse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Carter Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Denton Trahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**James R. Brooks**
*TERMINATED: 12/23/2022*

represented by **Jesika Jasmine Silva Blanco**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Layne Edwin Kruse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Carter Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Denton Trahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jay Graham**
*TERMINATED: 12/23/2022*

represented by **Jesika Jasmine Silva Blanco**
(See above for address)

RE 3

*ATTORNEY TO BE NOTICED*

**Layne Edwin Kruse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Carter Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Denton Trahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael A. Hernandez III**          represented by          **Jesika Jasmine Silva Blanco**
*TERMINATED: 12/23/2022*                                      (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Layne Edwin Kruse**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Michael Carter Crow**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Paul Denton Trahan**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Elaine Mendoza**          represented by          **Jesika Jasmine Silva Blanco**
*TERMINATED: 12/23/2022*                            (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Layne Edwin Kruse**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Michael Carter Crow**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Paul Denton Trahan**
                                                    (See above for address)
                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**Michael J. Plank**          represented by          **Jesika Jasmine Silva Blanco**          **RE 4**

*TERMINATED: 12/23/2022*

(See above for address)
*ATTORNEY TO BE NOTICED*

**Layne Edwin Kruse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Carter Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Denton Trahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Cliff Thomas**                    represented by    **Jesika Jasmine Silva Blanco**
*TERMINATED: 12/23/2022*                              (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Layne Edwin Kruse**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Michael Carter Crow**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Paul Denton Trahan**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Demetrius L. Harrell Jr.**        represented by    **Jesika Jasmine Silva Blanco**
*TERMINATED: 12/23/2022*                              (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Layne Edwin Kruse**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Michael Carter Crow**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Paul Denton Trahan**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Defendant**

**Annie S. McGowan**

represented by **Jesika Jasmine Silva Blanco**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Layne Edwin Kruse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Carter Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Denton Trahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Eric Meltzer**
Norton Rose Fulbright US LLP
98 San Jacinto Blvd.
Suite 1100
Austin, TX 78701
512-536-5234
Fax: 512-536-4598
Email:
ryan.meltzer@nortonrosefulbright.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**N.K. Anand**

represented by **Jesika Jasmine Silva Blanco**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Layne Edwin Kruse**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Carter Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul Denton Trahan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Eric Meltzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**M. Katherine Banks**

represented by **Ryan Eric Meltzer**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Alan Sams**                                    represented by   **Ryan Eric Meltzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Texas A&M University**                         represented by   **Michael Carter Crow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Eric Meltzer**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 09/10/2022 | 1 | COMPLAINT against Robert L. Albritton, N.K. Anand, James R. Brooks, Jay Graham, Demetrius L. Harrell Jr., Michael A. Hernandez III, Tim Leach, Bill Mahomes, Annie S. McGowan, Elaine Mendoza, Michael J. Plank, Texas A&M University System, Cliff Thomas (Filing fee $ 402 receipt number ATXSDC-28752125) filed by Richard Lowery. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Civil Cover Sheet)(Mitchell, Jonathan) (Entered: 09/10/2022) |
| 09/14/2022 | 2 | MOTION for Gene Hamilton to Appear Pro Hac Vice by Richard Lowery, filed. Motion Docket Date 10/5/2022. (Hamilton, Gene) (Entered: 09/14/2022) |
| 09/23/2022 | 3 | Request for Issuance of Summons as to Robert L. Albritton, N.K. Anand, James R. Brooks, Jay Graham, Demetrius L. Harrell Jr., Michael A. Hernandez III, Tim Leach, Bill Mahomes, Annie S. McGowan, Elaine Mendoza, Michael J. Plank, Texas A&M University System, Cliff Thomas, filed. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit)(Mitchell, Jonathan) (Entered: 09/23/2022) |
| 09/23/2022 | 4 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 11/30/2022 at 10:30 AM in Courtroom 9F before Judge Charles Eskridge(Signed by Judge Charles Eskridge) Parties notified. (jengonzalez, 4) (Entered: 09/23/2022) |
| 09/23/2022 | 5 | CERTIFICATE OF INTERESTED PARTIES by Richard Lowery, filed.(Mitchell, Jonathan) (Entered: 09/23/2022) |
| 09/27/2022 | 6 | Summons Issued as to All Defendants. Issued summons delivered to plaintiff by NEF, filed.(mmarquez, 5) (Entered: 09/27/2022) |
| 09/27/2022 | 7 | SCHEDULING and DOCKET CONTROL ORDER. Amended Pleadings due by 02/03/2023. Joinder of Parties due by 01/04/2023. Plaintiff Expert Report due by 08/02/2023. Deft Expert Report due by 09/01/2023. Discovery due by 10/17/2023. Mediation due by 01/03/2024. Dispositive Motion Filing due by 11/16/2023. Non-Dispositive Motion Filing due by 11/16/2023. Joint Pretrial Order due by 02/02/2024. |

| | | |
|---|---|---|
| | | Docket Call set for 03/19/2024 at 1:30 PM before Judge Charles Eskridge. (Signed by Judge Charles Eskridge) Parties notified. (jennellegonzalez) (Entered: 9/27/2022) Modified on 9/28/2022 (jengonzalez, 4). (Entered: 09/27/2022) |
| 09/28/2022 | | ***Reset Hearings: Docket Call set for 3/19/2024 at 01:30 PM in Courtroom 9F before Judge Charles Eskridge. Previously inadvertently set for 03/19/2023, year corrected. (jengonzalez, 4) (Entered: 09/28/2022) |
| 10/07/2022 | 8 | MOTION to Certify Class by Richard Lowery, filed. Motion Docket Date 10/28/2022. (Attachments: # 1 Proposed Order)(Mitchell, Jonathan) Modified on 11/8/2022 (jengonzalez, 4). (Entered: 10/07/2022) |
| 10/11/2022 | 9 | ORDER granting 2 Motion for Gene P. Hamilton to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 10/11/2022) |
| 10/11/2022 | 10 | RETURN of Service of SUMMONS Executed as to Texas A&M University System served on 10/11/2022, answer due 11/1/2022, filed.(Mitchell, Jonathan) (Entered: 10/11/2022) |
| 10/27/2022 | 11 | NOTICE of Appearance by Layne Kruse on behalf of Robert L. Albritton, N.K. Anand, James R. Brooks, Jay Graham, Demetrius L. Harrell Jr., Michael A. Hernandez III, Tim Leach, Bill Mahomes, Annie S. McGowan, Elaine Mendoza, Michael J. Plank, Texas A&M University System, Cliff Thomas, filed. (Kruse, Layne) (Entered: 10/27/2022) |
| 10/28/2022 | 12 | NOTICE of Appearance by Paul Trahan on behalf of Robert L. Albritton, N.K. Anand, James R. Brooks, Jay Graham, Demetrius L. Harrell Jr., Michael A. Hernandez III, Tim Leach, Bill Mahomes, Annie S. McGowan, Elaine Mendoza, Michael J. Plank, Texas A&M University System, Cliff Thomas, filed. (Trahan, Paul) (Entered: 10/28/2022) |
| 10/28/2022 | 13 | NOTICE of Appearance by M. Carter Crow on behalf of Robert L. Albritton, N.K. Anand, James R. Brooks, Jay Graham, Demetrius L. Harrell Jr., Michael A. Hernandez III, Tim Leach, Bill Mahomes, Annie S. McGowan, Elaine Mendoza, Michael J. Plank, Texas A&M University System, Cliff Thomas, filed. (Crow, Michael) (Entered: 10/28/2022) |
| 10/29/2022 | 14 | WAIVER OF SERVICE Returned Executed as to Robert L. Albritton served on 10/12/2022, answer due 12/12/2022; N.K. Anand served on 10/12/2022, answer due 12/12/2022; James R. Brooks served on 10/12/2022, answer due 12/12/2022; Jay Graham served on 10/12/2022, answer due 12/12/2022; Demetrius L. Harrell Jr. served on 10/12/2022, answer due 12/12/2022; Michael A. Hernandez III served on 10/12/2022, answer due 12/12/2022; Tim Leach served on 10/12/2022, answer due 12/12/2022; Bill Mahomes served on 10/12/2022, answer due 12/12/2022; Annie S. McGowan served on 10/12/2022, answer due 12/12/2022; Elaine Mendoza served on 10/12/2022, answer due 12/12/2022; Michael J. Plank served on 10/12/2022, answer due 12/12/2022; Cliff Thomas served on 10/12/2022, answer due 12/12/2022, filed. (Mitchell, Jonathan) (Entered: 10/29/2022) |
| 11/02/2022 | 15 | NOTICE of Appearance by Jesika Silva Blanco on behalf of Robert L. Albritton, N.K. Anand, James R. Brooks, Jay Graham, Demetrius L. Harrell Jr., Michael A. Hernandez III, Tim Leach, Bill Mahomes, Annie S. McGowan, Elaine Mendoza, Michael J. Plank, Texas A&M University System, Cliff Thomas, filed. (Silva Blanco, Jesika) (Entered: 11/02/2022) |

| | | |
|---|---|---|
| 11/04/2022 | 16 | ORDER re: It is therefore ordered that Defendants' deadline to respond to Plaintiff's Class Action Complaint is extended until 12/12/2022.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) Modified on 11/8/2022 (jengonzalez, 4). (Entered: 11/04/2022) |
| 11/18/2022 | 17 | ORDER re: Defendants deadline to respond to Plaintiff's Motion for Class Certification (Doc. 8) is hereby STAYED until the Court issues an Order on Defendants' Motion to Dismiss.Discovery in this matter is hereby STAYED pending ruling on Defendants' Motion to Dismiss. All pending deadlines are CANCELED. A new scheduling order and docket control order will enter as needed following the ruling. The Initial Pretrial and Scheduling Conference set for November 30, 2022 at 10:30 AM is hereby CANCELLED.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 11/18/2022) |
| 12/02/2022 | 18 | MOTION to Dismiss by Texas A&M University System, filed. Motion Docket Date 12/23/2022. (Attachments: # 1 Exhibit 1)(Crow, Michael) (Entered: 12/02/2022) |
| 12/23/2022 | 19 | First AMENDED COMPLAINT against N.K. Anand, Annie S. McGowan, M. Katherine Banks, Alan Sams filed by Richard Lowery. (Attachments: # 1 Exhibit, # 2 Exhibit)(Mitchell, Jonathan) (Entered: 12/23/2022) |
| 12/23/2022 | 20 | NOTICE of Dismissal as to Robert L. Albritton, James R. Brooks, Jay Graham, Demetrius L. Harrell Jr., Michael A. Hernandez III, Tim Leach, Bill Mahomes, Elaine Mendoza, Michael J. Plank, Texas A&M University System, Cliff Thomas by Richard Lowery, filed. (Mitchell, Jonathan) (Entered: 12/23/2022) |
| 02/10/2023 | 21 | NOTICE of Appearance by Ryan E. Meltzer on behalf of N.K. Anand, M. Katherine Banks, Annie S. McGowan, Alan Sams, Texas A&M University, filed. (Meltzer, Ryan) (Entered: 02/10/2023) |
| 02/10/2023 | 22 | MOTION to Dismiss *Plaintiff's First Amended Complaint* by Texas A&M University, filed. Motion Docket Date 3/3/2023. (Attachments: # 1 Affidavit Declaration of M. Carter Crow, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit)(Crow, Michael) (Entered: 02/10/2023) |
| 03/02/2023 | 23 | Unopposed MOTION for Extension of Time Response to Defendants' Motion to Dismiss by Richard Lowery, filed. Motion Docket Date 3/23/2023. (Attachments: # 1 Proposed Order)(Mitchell, Jonathan) (Entered: 03/02/2023) |
| 03/06/2023 | 24 | ORDER granting 23 Motion for Extension of Time; Motion-related deadline set re: 23 Unopposed MOTION for Extension of Time Response to Defendants' Motion to Dismiss. Plaintiff shall file his response by 03/17/2023.(Signed by Judge Charles Eskridge) Parties notified.(jengonzalez, 4) (Entered: 03/06/2023) |
| 03/17/2023 | 25 | RESPONSE in Opposition to 22 MOTION to Dismiss *Plaintiff's First Amended Complaint*, filed by Richard Lowery. (Attachments: # 1 Affidavit)(Mitchell, Jonathan) (Entered: 03/17/2023) |
| 03/27/2023 | 26 | REPLY in Support of 22 MOTION to Dismiss *Plaintiff's First Amended Complaint*, filed by Texas A&M University. (Attachments: # 1 Affidavit Declaration of N.K. Anand, # 2 Exhibit Anand Ex. 1, # 3 Affidavit Second Declaration of M. Carter Crow, # 4 Exhibit 10--Lowery Decl from PI Motion 10, # 5 Exhibit 11-Lowery Decl from PI Reply)(Crow, Michael) (Entered: 03/27/2023) |

| 04/11/2023 | 27 | NOTICE of Setting. Parties notified. Motion Hearing set for 5/31/2023 at 10:30 AM in Courtroom 9F before Judge Charles Eskridge, filed. (jengonzalez, 4) (Entered: 04/11/2023) |
|---|---|---|
| 05/30/2023 | 28 | NOTICE *Defendants' Notice of Supplemental Authority on New State Law* by Texas A&M University, filed. (Attachments: # 1 Exhibit 1)(Crow, Michael) (Entered: 05/30/2023) |
| 05/31/2023 | 29 | RESPONSE to 28 Notice (Other) *of Supplemental Authority*, filed by Richard Lowery. (Mitchell, Jonathan) (Entered: 05/31/2023) |
| 05/31/2023 | 30 | MINUTE ENTRY AND ORDER: Motion Hearing held. Argument heard on the 22 motion under Rule 12(b)(1). The parties were ORDERED to confer and submit a joint status report by June 12, 2023, on the potential for resolution or deferral of this dispute in light of recent act passed by the Texas legislature. The motion was otherwise TAKEN UNDER ADVISEMENT. Ct Reporter: ERO. Status Report due by 6/12/2023(Signed by Judge Charles Eskridge) Parties notified.(GabrielleLyons, 4) (Entered: 06/05/2023) |
| 06/12/2023 | 31 | STATUS REPORT by Texas A&M University, filed.(Crow, Michael) (Entered: 06/12/2023) |
| 06/23/2023 | 32 | ORDER Re: 31 Joint Status Report. Each party may submit a supplemental brief no more that 5 pages by 6/30/2023, and each party may submit a supplemental response of no more than 5 pages by 7/12/2023. (Signed by Judge Charles Eskridge) Parties notified. (marflores, 4) (Entered: 06/23/2023) |
| 06/30/2023 | 33 | SUPPLEMENT by Texas A&M University, filed. (Attachments: # 1 Exhibit 1)(Crow, Michael) (Entered: 06/30/2023) |
| 06/30/2023 | 34 | MOTION to Supplement Brief on Justiciability by Richard Lowery, filed. Motion Docket Date 7/21/2023. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Affidavit)(Mitchell, Jonathan) (Entered: 06/30/2023) |
| 07/05/2023 | 35 | NOTICE *of Supplemental Authority* by Richard Lowery, filed. (Attachments: # 1 Exhibit 303 Creative LLC v. Elenis, No. 21-476 (2023))(Mitchell, Jonathan) (Entered: 07/05/2023) |
| 07/12/2023 | 36 | Supplemental BRIEF on Justiciability by N.K. Anand, M. Katherine Banks, Annie S. McGowan, Alan Sams, Texas A&M University, filed. (Attachments: # 1 Affidavit of Ryan E. Meltzer, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3)(Meltzer, Ryan) (Entered: 07/12/2023) |
| 07/12/2023 | 37 | Opposed MOTION for Leave to File Second Amended Complaint by Richard Lowery, filed. Motion Docket Date 8/2/2023. (Attachments: # 1 Exhibit Second Amended Complaint (REDLINE), # 2 Exhibit Second Amended Complaint (CLEAN), # 3 Exhibit Exhibit 1 to Second Amended Complaint, # 4 Exhibit Exhibit 2 to Second Amended Complaint, # 5 Exhibit Exhibit 3 to Second Amended Complaint, # 6 Exhibit Exhibit 4 to Second Amended Complaint, # 7 Exhibit Exhibit 5 to Second Amended Complaint, # 8 Exhibit Exhibit 6 to Second Amended Complaint, # 9 Exhibit Exhibit 7 to Second Amended Complaint, # 10 Proposed Order)(Mitchell, Jonathan) (Entered: 07/12/2023) |
| 07/12/2023 | 38 | Supplemental BRIEF on Justiciability Responding to 33 *SUPPLEMENT filed by Texas A&M University* by Richard Lowery, filed. (Attachments: # 1 Exhibit, # 2 Affidavit, # 3 |

| | | Affidavit)(Mitchell, Jonathan) (Entered: 07/12/2023) |
|---|---|---|
| 07/23/2023 | [39](#) | NOTICE *to the Court* by Richard Lowery, filed. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit, # [3](#) Exhibit, # [4](#) Exhibit, # [5](#) Exhibit, # [6](#) Exhibit, # [7](#) Exhibit, # [8](#) Affidavit)(Mitchell, Jonathan) (Entered: 07/23/2023) |
| 07/27/2023 | [40](#) | NOTICE *to the Court* by Richard Lowery, filed. (Attachments: # [1](#) Exhibit, # [2](#) Affidavit)(Mitchell, Jonathan) (Entered: 07/27/2023) |
| 08/01/2023 | [41](#) | NOTICE *(Plaintiff's Second Additional Notice to the Court)* by Richard Lowery, filed. (Attachments: # [1](#) Exhibit, # [2](#) Affidavit)(Mitchell, Jonathan) (Entered: 08/01/2023) |
| 08/02/2023 | [42](#) | RESPONSE in Opposition to [37](#) Opposed MOTION for Leave to File Second Amended Complaint, filed by N.K. Anand, M. Katherine Banks, Annie S. McGowan, Alan Sams, Texas A&M University. (Attachments: # [1](#) Exhibit 1)(Meltzer, Ryan) (Entered: 08/02/2023) |
| 08/14/2023 | [43](#) | REPLY in Support of [37](#) Opposed MOTION for Leave to File Second Amended Complaint, filed by Richard Lowery. (Attachments: # [1](#) Affidavit, # [2](#) Affidavit)(Mitchell, Jonathan) (Entered: 08/14/2023) |
| 08/17/2023 | [44](#) | NOTICE *(Third Additional Notice to the Court)* by Richard Lowery, filed. (Attachments: # [1](#) Affidavit)(Mitchell, Jonathan) (Entered: 08/17/2023) |
| 08/18/2023 | [45](#) | NOTICE *(Fourth Additional Notice to the Court)* by Richard Lowery, filed. (Attachments: # [1](#) Affidavit)(Mitchell, Jonathan) (Entered: 08/18/2023) |
| 09/15/2023 | [46](#) | NOTICE *of Supplemental Authority* by Richard Lowery, filed. (Attachments: # [1](#) Exhibit Jackson v. Wright, No. 22-40059 (5th Cir.))(Mitchell, Jonathan) (Entered: 09/15/2023) |
| 09/29/2023 | [47](#) | OPINION AND ORDER GRANTING MOTION TO DISMISS re: The motion to dismiss by Defendants Texas A&M University, et al, is granted on ripeness, mootness, and standing grounds. Dkt 22. The motion by Plaintiff Richard Lowery for leave to file a second amended complaint is denied. Dkt 37. The complaint by Plaintiff Richard Lowery against Defendants Texas A&M University, et al, is DISMISSED WITHOUT PREJUDICE. For the avoidance of doubt, this Order in no way precludes Lowery from bringing later action based on future practices of Texas A&M after implementation of new policy under SB 17. A final judgment will issue by separate order. (Signed by Judge Charles Eskridge) Parties notified.(JennelleGonzalez, 4) (Entered: 09/29/2023) |
| 09/29/2023 | [48](#) | FINAL JUDGMENT. Case terminated on September 29, 2023.(Signed by Judge Charles Eskridge) Parties notified.(JacquelineMata, 4) (Main Document 48 replaced on 9/29/2023) (JacquelineMata, 4). (Entered: 09/29/2023) |
| 09/30/2023 | [49](#) | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: [48](#) Final Judgment by Richard Lowery (Filing fee $ 505, receipt number ATXSDC-30592919), filed.(Mitchell, Jonathan) (Entered: 09/30/2023) |
| 10/02/2023 | [50](#) | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: [49](#) Notice of Appeal. Fee status: Paid. Reporter(s): ERO, filed. (Attachments: # [1](#) NOA) (EfrainGarcia, 1) (Entered: 10/02/2023) |
| 10/02/2023 | | Appeal Review Notes re: [49](#) Notice of Appeal. Fee status: Paid. The appeal filing fee |

| | | |
|---|---|---|
| | | has been paid or an ifp motion has been granted. Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal. Number of DKT-13 Forms expected: 1, filed.(EfrainGarcia, 1) (Entered: 10/02/2023) |
| 10/16/2023 | 51 | Notice of Non-Compliance. The appellant (or counsel for the appellant, if represented) has failed to: Submit the DKT13 transcript order form. Parties notified, filed. (EdnitaPonce, 1) (Entered: 10/16/2023) |
| 10/19/2023 | 52 | DKT13 TRANSCRIPT ORDER REQUEST by Plaintiff-Appellant Richard Lowery. This is to order a transcript of Hearing on Defendants' Motion to Dismiss, held on May 31, 2023, before Judge Charles Eskridge. Court Reporter/Transcriber: Veritext Legal Solutions. This order form relates to the following: 49 Notice of Appeal, filed. (Mitchell, Jonathan) Electronically Forwarded to Veritext Legal Solutions on 10/20/2023. Estimated Date of Completion: 11/19/2023. Modified on 10/20/2023 (BenjaminRomero, 4). (Entered: 10/19/2023) |
| 11/21/2023 | 53 | TRANSCRIPT re: held on 05/31/2023 before Judge Charles Eskridge. Court Reporter/Transcriber Veritext Legal Solutions. Ordering Party Mitchell Law PLLC Release of Transcript Restriction set for 2/20/2024., filed. (VeritextLegalSolutions, ) (Entered: 11/21/2023) |
| 11/22/2023 | 54 | Notice of Filing of Official Transcript as to 53 Transcript. Party notified, filed. (HeatherCarr, 4) (Entered: 11/22/2023) |
| 11/22/2023 | | Notice of Assignment of USCA No. 23-20481 re: 49 Notice of Appeal, filed. (JenniferLongoria, 1) (Entered: 11/22/2023) |
| 11/30/2023 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: 49 Notice of Appeal USCA No. 23-20481, filed.(JenniferLongoria, 1) (Entered: 11/30/2023) |
| 11/30/2023 | | Electronic Access to Record on Appeal Provided re: 49 Notice of Appeal to Michael Carter Crow, Layne E. Kruse, Ryan Eric Meltzer and Paul Trahan. Attorneys of record at the Circuit may download the record from the Court of Appeals. (USCA No. 23-20481), filed.(JenniferLongoria, 1) (Entered: 11/30/2023) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/17/2023 01:09:00 | | | |
| PACER Login: | JonathanMitchell | Client Code: | Lowery |
| Description: | Docket Report | Search Criteria: | 4:22-cv-03091 |
| Billable Pages: | 13 | Cost: | 1.30 |

# Tab 2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **Richard Lowery**, on behalf of himself and others similarly situated, | Civil Action No. 4:22-cv-3091 |
| Plaintiff, | |
| v. | Judge Charles Eskridge |
| **Texas A&M University System**, et al., | |
| Defendants. | |

## NOTICE OF APPEAL

Plaintiff Richard Lowery appeals to the United States Court of Appeals for the Fifth Circuit from the judgment entered on September 29, 2023 (ECF No. 48).

Respectfully submitted.

Gene P. Hamilton
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721 (phone)
gene.hamilton@aflegal.org

Dated: September 30, 2023

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Attorney in Charge*
Texas Bar No. 24075463
S.D. Tex. Bar No. 1133287
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

*Counsel for Plaintiff and the Proposed Class*

**RE 13**

## CERTIFICATE OF SERVICE

I certify that on September 30, 2023, I served this document through CM/ECF

upon:

M. Carter Crow
Layne E. Kruse
Paul Trahan
Ryan Meltzer
Jesika Silva Blanco
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 (phone)
(713) 651-5246 (fax)
carter.crow@nortonrosefulbright.com
layne.kruse@nortonrosefulbright.com
paul.trahan@nortonrosefulbright.com
ryan.meltzer@nortonrosefulbright.com
jesika.blanco@nortonrosefulbright.com

*Counsel for Defendants*

 /s/ Jonathan F. Mitchell 
Jonathan F. Mitchell
*Counsel for Plaintiff and the Proposed Class*

# Tab 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-03091 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TEXAS A&M | § | |
| UNIVERSITY, *et al*, | § | |
| Defendants. | § | |

**FINAL JUDGMENT**

This civil action is DISMISSED WITHOUT PREJUDICE for the reasons stated in the opinion and order granting motion to dismiss entered this same date. Dkt 47.

This is a FINAL JUDGMENT.

SO ORDERED.


Signed on September 29, 2023, at Houston, Texas.



Hon. Charles Eskridge
United States District Judge

RE 15

**Tab 4**

United States District Court
Southern District of Texas
**ENTERED**
September 29, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD LOWERY, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:22-cv-03091 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| TEXAS A&M | § | |
| UNIVERSITY, *et al*, | § | |
| Defendants. | § | |

OPINION AND ORDER
GRANTING MOTION TO DISMISS

The motion to dismiss by Defendants Texas A&M University, *et al*, is granted. Dkt 22.

The motion by Plaintiff Richard Lowery for leave to file a second amended complaint is denied. Dkt 37.

1.   Background

Plaintiff Richard Lowery, a white male, is a professor of finance at the University of Texas. In this putative class action, he sues on behalf of all white and Asian men who, like him, stand "able and ready" to apply for faculty appointments at Texas A&M. Dkt 19 at ¶ 47.

a.   Allegations

Lowery alleges himself as an exceptionally strong candidate for a faculty appointment at Texas A&M, given his current status as a tenured professor at the University of Texas. He also claims that the finance department within the Mays Business School at Texas A&M "has shown interest in his research by inviting him to present [a] brown-bag lunch talk" in April of 2022. Id at ¶ 44. He says that he's interested in leaving the University of Texas because he dislikes the current leadership and has been the

RE 16

target of intense criticism for his outspoken conservativism. He believes that the finance department at Texas A&M would be a better fit. Id at ¶¶ 35–39.

Even so, he hasn't yet applied to Texas A&M and refuses to do so until his application will be considered on what he perceives to be an equal basis. Id at ¶ 41. And he alleges that his application wouldn't currently be considered on such basis because Texas A&M engages in unlawful hiring practices "by giving discriminatory preferences to females and non-Asian racial minorities at the expense of white and Asian men." Id at ¶¶ 19–20.

Seeking to put an end to these hiring practices, Lowery brings claims under Title VI, Title IX, Section 1981, and Section 1983. Id at ¶¶ 48–65. He sues Texas A&M University and a number of its officers or employees, including M. Katherine Banks (president), Alan Sams (interim provost and vice president for academic affairs), Annie S. McGowan (vice president and associate provost for diversity), and N.K. Anand (vice president for faculty affairs). Id at ¶¶ 4–8. These Defendants will be referred to together as *Texas A&M*.

In support of his claims against Texas A&M, Lowery alleges that Banks has continued to promote the unlawful hiring practices that she supported in her prior role as dean of the engineering college. Id at ¶¶ 13–14. The bulk of his complaint concerns one preferential-treatment program in particular—the ACES Plus program. According to a memorandum written by McGowan and Anand, this program allocates funds for the purpose of hiring "from underrepresented minority groups" and "moving the structural composition of [the] faculty towards parity with that of the State of Texas." Dkt 19-1 at 1. Lowery alleges that Banks "was aware of and approved" ACES Plus "and its racially discriminatory set-asides." Dkt 19 at ¶ 16. He alleges elsewhere that the original ACES program—the predecessor of ACES Plus—didn't contain the discriminatory language contained in the ACES Plus memorandum, but that "the university would nonetheless

2

RE 17

reserve hiring spots for underrepresented-minority candidates" under that program. Id at ¶ 30.

Lowery's allegations extend beyond the ACES programs. He also alleges that Texas A&M is in the process of establishing faculty hiring lines reserved for underrepresented minorities. He gives an example concerning the finance department. The head of the recruiting committee for the department confirmed by email to another professor that a hiring line would be set aside for underrepresented minorities. He quotes the email from the committee head, which reads, "The under-represented line would potentially be a third position, so yes reserved, but not one of our 'regular' positions." Dkt 19 at ¶¶ 20–21.

Finally, Lowery describes a Texas A&M faculty senate meeting that resulted in the senate adopting a resolution supporting "the goals of programs, such as ACES and ACES Plus, that aim to diversify the ranks of faculty to better represent our state and our student body." Id at ¶ 23. It's alleged that one professor voiced strong opposition to these programs at the meeting, but which did little to persuade his fellow professors to vote against the resolution. The resolution instead passed in a lopsided vote. Id at ¶ 28.

As relief, Lowery seeks declaratory judgments against each Defendant for violations of Title VI, Title IX, 42 USC § 1981(a), and the Equal Protection Clause. He also seeks to permanently enjoin them from considering race or sex in the appointment, promotion, or compensation of Texas A&M faculty. He also asks that a "court monitor" be appointed to (i) "oversee all decisions relating to the appointment, promotion, and compensation of faculty" at Texas A&M, and (ii) "oversee the 'diversity office' . . . to ensure that it does not aid or abet violations of the nation's civil-rights laws." Dkt 19 at 14–15.

b. Subsequent legal developments

Pending is a motion to dismiss brought by all Defendants, seeking dismissal on jurisdictional grounds of

standing, ripeness, and sovereign immunity, as well as for failure to state a claim. Dkt 22.

This motion was filed in February 2023. Four months later, the Supreme Court handed down its watershed decision in *Students for Fair Admissions Inc v President and Fellows of Harvard College*, holding the race-based admissions programs of two public universities to be unlawful. 143 S Ct 2141 (2023). And in June 2023, Texas Senate Bill No 17 was signed into law, to be codified at Section 51.3525 of the Texas Education Code and take effect on January 1, 2024. SB 17 seeks to dismantle diversity-and-inclusion initiatives at public universities, in part by prohibiting public universities from giving "preference on the basis of race, sex, color, ethnicity, or national origin to an applicant for employment, an employee, or a participant in any function of the institution." See Tex Edu Code § 51.3525(b)(1)(D).

These both present significant legal developments with respect to racial preferences of the sort that Texas A&M is alleged to have employed. The parties were thus requested to file supplemental briefing on the impact of SB 17 on the justiciability of this case. Dkt 32.

Texas A&M argues that SB 17 moots Lowery's case as pleaded, and that no set of facts are ripe to consider with respect to SB 17, which hasn't yet come into effect. Dkts 33 & 36. Lowery offers reasons to the contrary. Dkts 34 & 38. He also seeks leave to amend his complaint to address the justiciability concerns. Dkt 37.

###### 2.   Jurisdiction, Rule 12(b)(1)

Subject-matter jurisdiction is inherently a threshold matter. *Steel Co v Citizens for a Better Environment*, 523 US 83, 94–95 (1998), quoting *Mansfield, Coldwater & Lake Michigan Railway Co v Swan*, 111 US 379, 382 (1884). This is because federal courts are ones of limited jurisdiction. *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001). A decision to hear a case that's beyond the subject-matter jurisdiction of a federal court isn't a "mere technical violation," but is instead "an

4

unconstitutional usurpation" of power. Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 3522 (West 3d ed April 2022 update).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. Dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re Federal Emergency Management Agency Trailer Formaldehyde Products Liability Litigation*, 668 F3d 281, 286 (5th Cir 2012), quoting *Home Builders Association Inc v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998) (internal quotations omitted). The burden is on the party asserting jurisdiction to establish by a preponderance of the evidence that it is proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008). Indeed, a presumption against subject-matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

a. Standing

The burden is squarely upon the party asserting a claim in federal court to establish Article III standing by showing that he's suffered an injury in fact, the injury is fairly traceable to the challenged conduct, and the injury is likely be redressed by a favorable decision. *Lujan v Defenders of Wildlife*, 504 US 555, 560–61 (1992); *Spokeo Inc v Robins*, 578 US 330, 338 (2016). As to the requirement of *injury in fact*, "standing requires a claim of injury that is 'concrete, particularized, and actual or imminent.' That means a claimed injury must be real—'it must actually exist.' And it must not be 'too speculative for Article III purposes.'" *Earl v Boeing Co*, 53 F4th 897, 901–02 (5th Cir 2022) (citations omitted).

The Fifth Circuit recognizes that a motion under Rule 12(b)(1) can present two different types of challenges to jurisdiction—one facial, the other factual. See *Paterson v Weinberger*, 644 F2d 521, 523 (5th Cir 1981); *Lee v Verizon Communications Inc*, 837 F3d 523, 533 (5th Cir 2016). In a *facial* challenge, the defendant argues simply that the

RE 20

allegations in the complaint are insufficient to support jurisdiction. The court on such motion must then look only at the operative complaint, with all allegations presumed to be true. See *Paterson v Weinberger*, 644 F2d at 523. In a *factual* challenge, the defendant submits evidence together with the argument contesting jurisdiction. The court then isn't limited to the facts pleaded in the complaint, but instead has discretion to consider any evidence submitted by the parties, such as affidavits, testimony, and documents. Ibid; see also *Kasali v FBI*, 2017 WL 6343654, *2 (SD Tex). Discretion would then also exist to weigh any competing evidence based on credibility assessments. *Williamson v Tucker*, 645 F2d 404, 413 (5th Cir 1981) (citation omitted).

Texas A&M contends that Lowery lacks standing even under facts pleaded that predate SB 17. In doing so, it attaches evidence not referenced in Lowery's complaint, thus bringing a factual challenge with its motion to dismiss. See Dkt 22-1. Such evidence will be considered where necessary on this inquiry into standing. See *Paterson*, 644 F2d at 523.

Lowery presents himself as a finance professor seeking possible appointment in the finance department of the Mays Business School at Texas A&M. See Dkt 25-1 at 15 (Lowery affidavit). Texas A&M contends, "The lone injury alleged by Plaintiff is a lost opportunity to 'compete with other applicants' for professorships at TAMU 'on an equal basis.'" Dkt 22 at 15, quoting Dkt 19 at ¶ 45. It further argues that his complaint "falls squarely in the abstract-grievance camp," given that he's never applied and, in fact, "disavows any present intention to apply" to Texas A&M. Dkt 22 at 16, citing Dkt 19 at ¶ 41.

This is correct. Lowery can't simply assume the conclusion—that ongoing discrimination exists and is injuring him—without substantially rewriting Article III standing for employment-discrimination claims. Otherwise, any putative plaintiff could sue a potential employer without ever applying, simply upon allegation the posited discriminatory practices deterred application. That's not

6

enough. See *Carney v Adams*, 141 S Ct 493, 498, 501 (2020) (standing insufficient where plaintiff had merely expressed interest in applying for available judgeships). To the extent the first-amended complaint cites cases purporting to show that it is enough, both instead include facts that the plaintiff had at least applied to the challenged program at some point in the past and intended to do so again. See Dkt 19 at ¶ 45, citing *Gratz v Bollinger*, 539 US 244, 261–62 (2003); *Northeast Florida Chapter of Associated General Contractors of America v City of Jacksonville*, 508 US 656, 666 (1993). For instance, in *Gratz,* the plaintiff had "applied to the University as a freshman applicant" and, after being denied admission, "demonstrated that he was 'able and ready' to apply as a transfer student should the University cease to use race in undergraduate admissions." 539 US at 262. And in *Northeast Florida Chapter*, it was noted that the plaintiff made regular bids for the type of subject contracts. 508 US at 668.

Lowery attempts to make the injury appear more present, and thus justify his standing, with reference to three categories of allegations, being (i) the ACES Plus program, (ii) reserved faculty hiring lines, and (iii) a resolution from a faculty senate meeting. See Dkt 25 at 9–10, citing Dkt 19 at ¶¶ 34–44. Texas A&M argues that none are concrete enough to establish the requisite injury. See Dkt 22 at 17.

*As to the ACES Plus program,* the bulk of Lowery's complaint concerns this program and, to a lesser extent, the original ACES program. His alleged injury under these programs is putative inability to compete on an equal basis with non-white, non-Asian, and female applicants. But Texas A&M notes, with supporting evidence, that the Mays Business School participates in neither ACES Plus nor the original ACES Program. See Dkt 26 at 5; see also Dkts 22-4 & 26-1 at 2–3. In particular, the original ACES program was the ACES Fellows Program, which applies only to "early career faculty" at select colleges at the university, but not including the Mays Business School. See Dkt 22-4. Texas A&M also reports in a reply brief that ACES Plus

7

RE 22

isn't administered at the Mays Business School. See Dkt 26-1 at 2–3 (Anand declaration). Lowery thus can't establish the actual or imminent injury of which he complains via these programs for the very reason that the Mays Business School doesn't participate in them.

*As to reserved faculty hiring lines,* Lowery separately complains that Texas A&M, at the time of his complaint, was in the process of establishing faculty hiring lines reserved for underrepresented minority groups. See Dkt 19-1. He gives an example concerning the finance department, citing an email from the head of the recruiting committee for the department confirming to another professor that a hiring line would be set aside for underrepresented minorities. Dkt 19-2. As alleged, the email from the committee head states, "The under-represented line *would potentially be* a third position, so yes reserved, but not one of our 'regular positions.'" Dkt 19 at ¶¶ 20–21 (emphasis added). This speaks of future possibilities, not of future certainties. And so, plainly missing is any allegation that such a hiring line is (or was) *currently* in place. As such, it doesn't speak of current practices or establish present injuries.

*As to a faculty senate resolution,* Lowery describes a Texas A&M faculty senate meeting that resulted in the senate adopting a resolution supporting "the goals of programs, such as ACES and ACES Plus, that aim to diversify the ranks of faculty to better represent our state and our student body." Id at ¶ 23; see also id at ¶ 28 (adoption of resolution in lopsided vote even with strong opposition voiced by one professor). Texas A&M submits evidence that the faculty senate serves in a purely "advisory capacity" to the president. See Dkt 22-3 (policy). It would perhaps improperly stretch inquiry into the merits to consider whether the faculty senate is, in fact, purely advisory and/or whether its resolutions have any impact in themselves. But that needn't be considered, because what's pleaded about them isn't indicative of any current actions even being pursued at the Mays Business School. It thus again fails to connect to any injury in fact.

Texas A&M raises a separate, but related, point about these three categories with respect to ripeness. It points out that the pleadings "depict programs that are both in nascent stages and contingent on various future actions." Dkt 22 at 18. This aspect of ripeness addresses facts in the past as pleaded in the first amended complaint. But it needn't be addressed beyond observation that, to the extent the assertions fail for standing as abstract or hypothetical, like reasoning counsels in favor of finding them unfit for judicial resolution at present. See *Lopez v City of Houston*, 617 F3d 336, 341 (5th Cir 2010). Better instead to withhold consideration for further factual development. See *Choice Inc of Texas v Greenstein*, 691 F3d 710 715 (5th Cir 2012).

In sum, Lowery fails to show that, as a prospective applicant to Mays Business School, he would be impacted by any of the preferential-treatment programs that Texas A&M faculty and leadership have allegedly deemed important and elsewhere—prior to SB 17—attempted to advance. The action will thus be dismissed for lack of standing for failure to establish an injury in fact.

b.   Mootness and ripeness

After briefing closed on its motion to dismiss, Texas A&M by notice of supplemental authority advised of the passage of Senate Bill 17. Dkt 28. It contends that this case is moot because the enactment of SB 17 "outlaws" the conduct from which Lowery seeks relief. Id at 2. And by further supplement after hearing, it argues that this case is also unripe because SB 17 requires it to reform its hiring practices to any extent that they currently advance racial and other preferences. Dkt 33 at 3.

*Mootness* pertains to situations where a "set of circumstances . . . eliminates actual controversy after the commencement of a lawsuit." *Center for Individual Freedom v Carmouche,* 449 F3d 655, 661 (5th Cir 2006). In this vein, mootness is often referred to as "the doctrine of standing in a time frame." *United States Parole Commission v Geraghty,* 445 US 388, 397 (1980): "The requisite personal interest that must exist at the commencement of litigation (standing) must continue

RE 24

throughout its existence (mootness)." Where mootness is evident, the court must dismiss the suit. Id at 404.

*Ripeness,* by comparison, pertains to situations where disputes may be "premature or speculative." *Shields v Norton,* 289 F3d 832, 835 (5th Cir 2002). A case is ripe when it "would not benefit from any further factual development and when the court would be in no better position to adjudicate the issues in the future than it is now." *Pearson v Holder,* 624 F3d 682, 684 (5th Cir 2010), quoting *Simmonds v INS*, 326 F3d 351, 359 (2d Cir 2003). And where a controversy isn't ripe, the court must dismiss. *DM Arbor Court, Ltd v City of Houston,* 988 F3d 215, 220 (2021).

There has been a substantial change in applicable law. SB 17 prohibits exactly what Lowery alleges is taking place at Texas A&M, *viz*, preferential treatment in hiring "on the basis of race, sex, color, ethnicity, or national origin." Tex Edu Code Ann § 51.3525(b)(1)(D). To ensure compliance with this law, Texas A&M will have to alter any current hiring practices that give such unlawful preferences. It has submitted a memorandum from an ethics and compliance officer indicating that Texas A&M has already begun its efforts to comply with SB 17, with the goal of achieving full compliance by September 1, 2023, even though the fully effective date is the end of the year. Dkt 33-1. In the present context, then, the relief that Lowery seeks as to past practices is moot, and the relief that he seeks prospectively isn't ripe.

*As to past conduct,* Lowery seeks a declaration that Texas A&M—based on the facts pleaded—"is violating" Title VI and Title IX by acts of discrimination favoring "women and non-Asian racial minorities." Dkt 19 at ¶ 66(b); see also id at ¶ 66(c). Its beyond reasonable argument that Texas A&M must review its hiring practices and revise them where necessary to bring them into accord with SB 17 and *Students for Fair Admissions*. Compare Dkt 28 at 2, with Dkt 29 at 2.

This means that the claims as originally presented have lost their practical significance because the facts

10

RE 25

generating the original controversy have altered so substantially. To that extent, this action is moot. And this isn't a context of voluntary cessation, as suggested by Lowery. Dkt 29 at 2–3. Recent precedent from the Fifth Circuit makes clear that change compelled by force of law isn't voluntary. See *Daves v Dallas County, Texas*, 64 F4th 616, 634–35 (5th Cir 2023); see also *Does 1–7 v Round Rock Independent School District*, 540 F Supp 2d 735, 745–46 (WD Tex 2007).

*As to future conduct,* Lowery seeks to "permanently enjoin" Texas A&M from considering race or sex in faculty appointment, promotion, or compensation. Dkt 19 at ¶ 66(d). That, of course, is precisely what SB 17 now already bars Texas A&M from doing, thus again evincing mootness. But more concerning is ripeness.

Ripeness entails balancing "the fitness of the issues for judicial resolution" with "the potential hardship to the parties caused by declining court consideration." *Lopez v City of Houston*, 617 F3d 336, 341 (5th Cir 2010). The Fifth Circuit holds, "A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Public Service Inc v Council of City of New Orleans,* 833 F2d 583, 587 (5th Cir 1987). If the purported injury is "contingent [on] future events that may not occur as anticipated, or indeed may not occur at all," the claim isn't ripe for adjudication. *Thomas v Union Carbide Agricultural Products Co,* 473 US 568, 580–81 (1985), quoting Edward H Cooper, 13B Federal Practice and Procedure § 3532 (Wright & Miller 3d ed 1984).

Lowery's purported future injury as a potential applicant depends entirely upon future events that may or may not occur. True, it remains to be seen whether Texas A&M will faithfully observe SB 17. But until then, Texas A&M is entitled to a presumption of good faith that it will comply with SB 17 and discontinue any conflicting practices. As noted by the Fifth Circuit in *Sossamon v Lone Star State of Texas*, "government actors in their sovereign capacity and in the exercise of their official duties are

accorded a presumption of good faith because they are public servants, not self-interested private parties." 560 F3d 316, 325 (5th Cir 2009).

In light of substantial change in applicable law, further factual development is plainly required before the scope of injunctive relief—if any—would be fit for judicial review. A challenge to those practices will only be appropriate, if ever, after SB 17 actually takes effect. To that extent, this action is unripe.

Dismissal on the basis of mootness and lack of ripeness is thus warranted.

### c. Sovereign immunity

Texas A&M very briefly argues that sovereign immunity also bars Lowery's claims. Dkt 22 at 18–20.

A suit against Texas A&M, as an agency of the State of Texas, is construed as a suit against State officials. See *Sullivan v. Texas A&M University System,* 986 F3d 593, 595 (5th Cir 2021). But the doctrine of *Ex Parte Young* permits "an official-capacity equitable claim" to proceed against State officers so long as it "seeks injunctive relief for an ongoing violation of federal law" and the officer "bears a sufficiently close connection to the unlawful conduct" such that it can be redressed by injunction directed at the official. *Freedom From Religion Foundation, Inc v Mack,* 4 F4th 306, 311–12 (5th Cir 2021).

Lowery readily admits that he can't sue Texas A&M itself but contends that he can seek injunctive relief against the named officials. And he further contends that he has named the right officials to make that effective. Dkt 25 at 12–13.

The consideration of sovereign immunity serves only to confirm, in a rather roundabout way, the above observations as to standing and ripeness. On the one hand, to the extent that the parties evince a factual dispute as to the identity of the right officials for suit, Lowery's is the better point. For if the Court were inclined to proceed on this point, at worst, Texas A&M would be ordered to identify the correct officials. But to the extent the parties

RE 27

dispute whether the challenged practices are even ongoing, the analysis devolves to considerations of present injury and fitness for review in the first place.

Given the jurisdictional rulings above, the further question of sovereign immunity needn't be resolved.

### 3.   Failure to state a claim, Rule 12(b)(6)

Texas A&M on reply notes that the Mays Business School has posted eight tenured or tenure-track faculty openings since July 2022. Six of those have been filled, with positions going to two white men, one Asian man, and three Asian women. Dkt 26 at 5–6, citing Dkt 26-1 at 3–4 (Anand declaration). It actually presents these alleged facts as further rejoinder on the standing inquiry. But statistics like that, if eventually substantiated, would cast considerable doubt on Lowery's assertion that he, along with all other White and Asian men, are or would be at a disadvantage in the hiring pool.

Such statistics are obviously beyond comprehension at this juncture with respect to the merits, as they go well beyond the question whether the four corners of the first-amended complaint states viable claims. And in that respect, it is determined above that jurisdiction is lacking. Questions presented under Rule 12(b)(6) needn't, and shouldn't, be resolved. See *Hix v. US Army Corps of Engineers*, 155 F Appx 121, 127 (5th Cir. 2005).

### 4.   Leave to amend

Lowery recently moved to amend his complaint, seeking to add allegations as to justiciability following the enactment of SB 17 and the decision of the Supreme Court in *Students for Fair Admissions*. Dkt 37. He has also filed two additional notices that include online announcements made by the interim President about SB 17 compliance, further asserting that the announcements show that Texas A&M plans to continue with diversity commitments despite the mandate of SB 17. See Dkts 40 & 41; see also, Dkts 44 & 45.

Whether to grant such leave is in the discretion of the court, and denial is appropriate when amendment would

13

be futile. *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020). And it would be futile here at this time. The proposed amendments simply reiterate much of what Lowery has included in supplemental briefing on the justiciability issues. They do nothing to overcome the above conclusions with respect to ripeness and standing. The same can be said as to the supplemental notices, for what's lacking is actual implementation and experience under the law as now proscribed.

The motion for leave to amend will be denied. There is certainly time and place enough for Lowery to bring further action if Texas A&M continues what he believes to be unconstitutional hiring practices. And nothing here should be construed to preclude later action on future facts.

5.   Conclusion

The motion to dismiss by Defendants Texas A&M University, *et al*, is granted on ripeness, mootness, and standing grounds. Dkt 22.

The motion by Plaintiff Richard Lowery for leave to file a second amended complaint is denied. Dkt 37.

The complaint by Plaintiff Richard Lowery against Defendants Texas A&M University, *et al*, is DISMISSED WITHOUT PREJUDICE.

For the avoidance of doubt, this Order in no way precludes Lowery from bringing later action based on future practices of Texas A&M after implementation of new policy under SB 17.

A final judgment will issue by separate order.

SO ORDERED.


Signed on September 29, 2023, at Houston, Texas.


Hon. Charles Eskridge
United States District Judge

14

RE 29

## CERTIFICATE OF SERVICE

I certify that on March 11, 2024, this document was electronically filed with the clerk of the court for the U.S. Court of Appeals for the Fifth Circuit and served through CM/ECF upon:

M. CARTER CROW
LAYNE E. KRUSE
PAUL TRAHAN
RYAN MELTZER
JESIKA SILVA BLANCO
Norton Rose Fulbright LLP
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
(713) 651-5151 (phone)
(713) 651-5246 (fax)
carter.crow@nortonrosefulbright.com
layne.kruse@nortonrosefulbright.com
paul.trahan@nortonrosefulbright.com
ryan.meltzer@nortonrosefulbright.com
jesika.blanco@nortonrosefulbright.com

*Counsel for Defendants-Appellees*

 /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
*Counsel for Plaintiff-Appellant*